UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Omard Recaldo Anoire Farrell,

        Plaintiff,

    -against-

Commissioner of Social Security,

        Defendant.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED:  _3/19/2026____

25 Civ. 1966 (AT) (GRJ)

**ORDER**

ANALISA TORRES, District Judge:

Plaintiff *pro se*, Omard Recaldo Anoire Farrell, brings this action against the Commissioner of Social Security ("Commissioner") seeking review of an administrative law judge's ("ALJ") decision, dated June 7, 2024, finding Farrell ineligible for disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), 1383(c)(3).  *See generally* Compl., ECF No. 1.  Before the Court is the report and recommendation ("R&R") of the Honorable Gary R. Jones, which recommends that the Court affirm the Commissioner's decision and dismiss this action.  R&R at 17, ECF No. 19.  Also before the Court are Farrell's timely objections to the R&R.  Objs., ECF No. 20; *see also* Comm'r Ltr., ECF No. 21.  For the reasons stated below, Farrell's objections are OVERRULED, and the Court ADOPTS the R&R in its entirety.

**DISCUSSION**

I.    <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1)(C).  When a party makes specific objections, the Court reviews *de novo* those portions of the R&R to which the objection is made.  *Id.*; Fed. R. Civ. P. 72(b)(3); *see also Nambiar v. Cent. Orthopedic Grp., LLP*, 158 F.4th 349, 361 (2d Cir. 2025) ("Where a litigant's objections take issue with a specific

legal conclusion in the report and recommendation, they should be considered *de novo*, even if they repeat an argument raised before the magistrate judge." (quotation omitted)).  However, the Court reviews strictly for clear error "when the objections are nonspecific or merely perfunctory responses argued in an attempt to engage the district court in a rehashing of the same arguments set forth in the original petition." *Miller v. Brightstar Asia, Ltd.*, 43 F.4th 112, 120 (2d Cir. 2022) (citation omitted).  Moreover, "a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate [judge] but were not." *United States v. Gladden*, 394 F. Supp. 3d 465, 480 (S.D.N.Y. 2019) (citation omitted).

A *pro se* party is "generally accorded leniency," and their objections are "construed to 'raise the strongest arguments they suggest.'" *Lanier v. Capra*, No. 21 Civ. 9307, 2023 WL 6795441, at *3 (S.D.N.Y. Oct. 13, 2023) (citing *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *2 (S.D.N.Y. Sept. 26, 2008)).  "Nonetheless, even a *pro se* party's objections to a [r]eport and [r]ecommendation must be specific and clearly aimed at particular findings in the magistrate [judge's] proposal." *Pinkney v. Progressive Home Health Serv.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks and citation omitted).

The Court may adopt those portions of the R&R to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (citation omitted).  An R&R is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (citation omitted); *see also Travel Sentry, Inc. v. Tropp*, 669 F. Supp. 2d 279, 283 (E.D.N.Y. 2009).

II.    Farrell's Objections

A.  First Objection

First, Farrell objects to the R&R, stating that "most of the statements [within it] are incorrect."  Objs. at 1.  Farrell claims that during the hearing before the ALJ, "state agent Dr. T Schmidt-Deyoung's stated that [Farrell] can climb ladders, ropes[,] and scaffolds etc[.,] which is not reflective of [Farrell's] doctor[']s findings."  *Id.* (stating that his doctor reported his "spinal cord injury limits [Farrell] from lifting, sitting[,] or standing for a period of time").  Construing Farrell's objection liberally, the Court considers it to be a specific objection to a factual finding in the R&R and reviews the R&R *de novo*.

A district court's review of a final decision of the Commissioner "is limited to determining whether the Commissioner's conclusions were supported by substantial evidence in the record and were based on a correct legal standard."  *Tipograph v. Comm'r of Soc. Sec.*, No. 20 Civ. 9136, 2022 WL 4547407, at *2 (S.D.N.Y. Sept. 29, 2022) (alterations adopted) (quoting *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013)).  Accordingly, the Court's substantial evidence review is "very deferential," *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012), and does not permit the Court to "'determine *de novo* whether a claimant is disabled' within the meaning of the Social Security Act."  *Tipograph*, 2022 WL 4547407 at *2 (alterations adopted) (quoting *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)).

The Court does not, therefore, review *de novo* whether Farrell is disabled and defers to the Commissioner's determination, reviewing potentially conflicting medical evidence between Farrell's doctor and Dr. Schmidt-Deyoung.  *See Veino v. Barnhart*, 312 F.3d 578, 588 (2d Cir. 2002) ("Genuine conflicts in the medical evidence are for the Commissioner to resolve.").  The Court agrees with Judge Jones that the medical testimony in the record provided substantial

evidence to support the Commissioner's conclusion.  *See* R&R at 9–12; *see also McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014).  Accordingly, the Court overrules Farrell's first objection.

### B.  Second Objection

Second, Farrell claims that his "attorney had requested a review of the actual video call that determined [his] case's outcome but was denied access to the evidence and statements that justify the decision surrounding [his] case."  Objs. at 1.  Construing Farrell's objection liberally, the Court finds it to be nonspecific to a particular portion of the R&R, reviews the R&R for clear error, and finds none.

### CONCLUSION

For the foregoing reasons, the Court OVERRULES Farrell's objections to the R&R and ADOPTS the R&R in full.  The Commissioner's decision is AFFIRMED, and the complaint is DISMISSED.  The Clerk of Court is respectfully directed to close the case.

SO ORDERED.

Dated:  March 19, 2026
        New York, New York

ANALISA TORRES
United States District Judge

4